Michael J. Doherty, Esq.
Doherty IP Law Group LLC
37 Belvidere Avenue
Washington, New Jersey 07882
(908) 689-8700

Attorneys for Plaintiff,
Maverick Industries, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------- :   **Document Filed Electronically**
Maverick Industries, Inc., a    :
New Jersey Corporation          :
                                :   Civil Action No: _____
     Plaintiff,                 :
                                :
     v.                         :   **Complaint and Jury Demand**
                                :
Apption Labs, Inc., a           :
California Corporation          :
                                :
     Defendant.                 :
                                :
------------------------------- 

Plaintiff, Maverick Industries, Inc., having offices at 94 Mayfield Avenue, Edison, New Jersey 08837, through its counsel, for its complaint against Defendant, Apption Labs, Inc., having an address at 11908 Ventura Boulevard, Suite 202, Studio City, California 91604, hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising out of Defendant's infringement of U.S. Patent No. 7,102,107 ("the '107 patent") in violation of the patent laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2. Plaintiff Maverick Industries, Inc. ("Maverick") is a New Jersey corporation having offices at 94 Mayfield Avenue, Edison, New Jersey 08837.

3. Upon information and belief, Defendant Apption Labs, Inc. ("Apption") is a California corporation having an address at 11908 Ventura Boulevard, Suite 202, Studio City, California 91604.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271 et seq. ("the Patent Statute").

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business in this district. For example, Defendant directly and/or through intermediaries, ships, distributes, uses, sells, offers for sale, and/or advertises its products in this judicial district. Upon information and belief, Defendant has committed infringement of the '107 patent in this district.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b), §1391(c), and §1400(b).

## MAVERICK INDUSTRIES, INC.

8. Maverick was founded in 1981 when it entered the home appliance market with an innovative line of electric barbecue grills designed and manufactured in New Jersey. These upscale, high-quality products were introduced by leading department stores and specialty retailers across the country and

established Maverick as an important innovator in consumer products. Later in the decade, Maverick began producing ceramic indoor electric grills and other appliance products.

9. In the 1990s, Maverick worked closely with the United States Department of Agriculture (USDA) on a public service campaign to educate American consumers and cooks as to the importance of safe cooking temperatures, and added a complete line of analog cooking thermometers. Maverick's thermometers are accurate and reliable tools that foster food safety.

10. Maverick has spent considerable expense and effort in developing and protecting its intellectual property assets and has spent years building an outstanding reputation and good will among its customer and industry participants.

11. In 1999, Maverick invented a unique method of monitoring food temperatures using a transmitter and remote receiver. Over the past 20 years, Maverick's remote thermometer systems have been expanded into more than 25 different models with ever-longer transmission ranges, multiple high temperature heat-resistant food probes and better battery life. Maverick's remote barbecue and smoker thermometers have become immensely popular with amateur and professional chefs across the country.

12. By 2004, Maverick had invented wireless temperature probe systems that include methods for predicting cooking completion times for food, which are covered by the claims of the '107 patent.

13. In one embodiment claimed in the '107 patent, a wireless food thermometer system includes a temperature probe that is inserted into food being cooked to sense the internal temperature of the food being cooked; a wireless transmitter

3

that wirelessly transmits the acquired temperature readings; and a receiver in wireless communication with the transmitter for receiving the transmitted internal food temperature readings and predicting a cooking completion time of the food being cooked.

14. In one embodiment claimed in the '107 patent, a method of predicting the cooking completion time of food being cooked includes acquiring the internal temperature of the food being cooked; storing the acquired internal temperature readings in a memory; computing the difference between the current internal food temperature reading and the previous internal food temperature reading; and predicting the cooking time of the food being cooked based upon the computed difference and a predetermined internal food cooking temperature.

### COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,102,107

15. Maverick alleges and incorporates by reference the allegations set forth in above paragraphs 1 through 14, inclusive.

16. The '107 patent is valid, enforceable, and was duly issued in compliance with Title 35 of the United States code.

17. The '107 patent, titled "Method, Apparatus and System for Predicting Cooking Completion Time of Food," issued on September 5, 2006. A true and correct copy of the '107 patent is attached hereto as Exhibit A and is incorporated herein by reference.

18. Peter A. Chapman is the named inventor of the inventions claimed in the '107 patent. Maverick owns by assignment the entire right, title, and interest in and to the '107 patent.

19. Apption's products ("Accused Products") sold under the name Meater include wireless temperature probes that wirelessly transmit temperature data from the wireless temperature probes

4

to remote monitoring units. The Accused Products use a method of predicting a cooking completion time that is covered by one or more claims of the '107 patent. An example of one of the Accused Products is shown below.



20. The Accused Products copy the wireless temperature monitoring systems and methods of predicting cooking completion times that are disclosed and claimed in the '107 patent and compete directly with Maverick's products in the marketplace.

21. The Accused Products are sold in this judicial district via the internet at the website www.meater.com.

22. Maverick is informed and believes, and on that basis alleges, that Apption's activities with the Accused Products directly infringe one or more claims of the '107 patent.

23. On September 7, 2018, Maverick contacted Apption via a letter seeking to amicably resolve the patent infringement matter, and requested that Apption (1) immediately cease and desist from making, using, selling, offering for sale, marketing and advertising the Meater system shown on the Apption website

www.meater.com; (2) remove the Meater system from the Apption website and any other websites where it is used, marketed and advertised; and (3) cease use and distribution of any systems, methods, and apparatuses that use Maverick's patented technology covered by the claims of the '107 patent.

24. In response, in a letter dated September 20, 2018, Apption's legal counsel, Daniel G. Berry, rejected efforts to amicably resolve the matter and asserted that the Accused Products sold under the name Meater and its software does not infringe any claims of the '107 patent.

25. Despite notice of Maverick's rights, Apption has not ceased nor desisted from its infringing conduct, and has continued to engage in activities that infringe the '107 patent.

26. Upon information and belief, Defendant has knowledge of the '107 patent and knowledge that its actions constitute infringement of the '107 patent.

27. Defendant's infringement of the '107 patent is willful because Defendant continues its activities in a manner that infringes the '107 patent despite knowledge of the '107 patent and knowledge that its actions constitute infringement of the '107 patent.

28. As a result of the infringement of the '107 patent by Defendant, Maverick is entitled to damages pursuant to 35 U.S.C. §284 in an amount that presently cannot be pleaded but that will be determined at trial.

29. Maverick is being irreparably harmed by Defendant's infringement of the '107 patent.

30. Unless restrained by this Court, these acts will continue and will cause irreparable injury to Maverick.

**PRAYERS FOR RELIEF**

**WHEREFORE,** Maverick respectfully requests that this Court enter judgment against Defendant as follows:

A. That Apption infringes one or more claims of the '107 patent under 35 U.S.C. §271.

B. That Apption provide to Maverick an accounting of all gains, profits, and advantages derived from Apption's infringement of the '107 patent, and that Maverick be awarded damages adequate to compensate it for the wrongful infringement by Defendant, in accordance with 35 U.S.C. § 284, together with pre-judgement and post judgement interest.

C. That Maverick be awarded enhanced damages based on Defendant's willful infringement of the '107 patent.

D. That Maverick be awarded any other supplemental damages and interest on all damages, including but not limited to attorneys' fees available under 35 U.S.C. §285.

E. That the Court permanently enjoin Apption and all those in privity therewith from making, having made, selling, offering for sale, distributing, and/or using products that infringe any claim of the '107 patent, and from contributorily infringing any claim of the '107 patent, and from actively inducing others to infringe any claim of the '107 patent, and

F. That Maverick be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

**DEMAND FOR JURY TRIAL**

Maverick Industries, Inc. demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        Doherty IP Law Group LLC
                                        Attorneys for Plaintiff,
                                        Maverick Industries, Inc.

Dated: February 13, 2019      By:  s/ Michael J. Doherty
                                        Michael J. Doherty

                                        Tel: (908) 689-8700
                                        E-mail: mdoherty@dohertyiplaw.com

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, plaintiff or plaintiff's attorney is unaware of any other pending action, in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

                                        Respectfully submitted,

                                        Doherty IP Law Group LLC
                                        Attorneys for Plaintiff,
                                        Maverick Industries, Inc.

Dated: February 13, 2019      By:  s/ Michael J. Doherty
                                        Michael J. Doherty

                                        Tel: (908) 689-8700
                                        E-mail: mdoherty@dohertyiplaw.com